IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**ERIC KAVE CONKLIN,**

    **Petitioner,**

v.                                         **Case No. 5:07-cv-00373**

**T.R. CRAIG, Warden,**
**FCI Beckley,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 8, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket sheet document # 1). Petitioner is presently incarcerated at FCI Beckley, in Beaver, West Virginia. This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 30, 2004, in the United States District Court for the Western District of Virginia, Abingdon Division, Petitioner pled guilty, pursuant to a written plea agreement entered on January 12, 2004, to one count of knowingly using, carrying or possessing a firearm (a machine gun) during and in relation to, and in furtherance of, a drug trafficking crime, in violation of 18

U.S.C. § 924(c)(Count One), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(Count Two). United States v. Conklin, Case No. 1:03-cr-00096-jpj-1 (W.D. Va.), docket sheet document # 12. On May 14, 2004, Petitioner was sentenced to a 60-month term of imprisonment on Count One, and a consecutive 12-month term of imprisonment on Count Two, to be followed by a five-year term of supervised release. Petitioner was also ordered to pay a $500 fine and a $100 special assessment for each of those counts. (Id., Judgment in a Criminal Case, # 17.)

Petitioner did not appeal his Judgment to the United States Court of Appeals for the Fourth Circuit.

On June 8, 2007, Petitioner filed an Application to Proceed Without Prepayment of Fees (# 1), a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (# 2), a Memorandum of Law in support thereof (# 3), and a Motion for Expedited Treatment (# 4). The above-referenced civil action was opened to address Petitioner's petition.

The petition alleges that the district court did not have jurisdiction over Count Two of the indictment charging Petitioner with unlawful possession of a firearm because the indictment failed to establish a nexus between the firearm in question and interstate commerce. (# 3 at 11-14). Petitioner further alleges that Count Two of the indictment was unconstitutionally vague. (Id. at 14-16).

## ANALYSIS

The instant section 2241 petition amounts to a request for collateral review of Petitioner's conviction and sentence, because Petitioner challenges the validity of his conviction. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner asserts that relief under section 2241 should be available to him because relief under section 2255 is inadequate or ineffective. However, Petitioner's assertion that a section 2255 motion is inadequate or ineffective is based solely upon the fact that such a motion would now be untimely.

Petitioner slept on his rights in this case. Following the entry of his Judgment, Petitioner failed to file a direct appeal to the United States Court of Appeals for the Fourth Circuit, in which he could have made his jurisdictional challenges. Thus, his Judgment became final upon the expiration of the time for filing a

direct appeal, which was on or about May 24, 2004. Petitioner further failed to file a section 2255 motion within one year of his judgment becoming final, in accordance with the statute of limitations contained in 28 U.S.C. § 2255. That time period expired on or about May 24, 2005. Consequently, any section 2255 motion filed by Petitioner now would be time-barred.

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Furthermore, this court would not have jurisdiction over a section 2255 motion filed by Petitioner, as he was not convicted in this judicial district.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned has carefully examined Petitioner's Petition for Writ of Habeas

4

Corpus and has concluded that it plainly appears that Petitioner is not entitled to relief in this case.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 motion (# 2) and dismiss this matter from the court's docket.  It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (# 1).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United

States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

    <u>October 18, 2007</u>
           Date

                                    *Mary E. Stanley*
                                    Mary E. Stanley
                                    United States Magistrate Judge