IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ERIC KAVE CONKLIN,

                Petitioner,

v.                                              CIVIL ACTION NO. 5:07-cv-00373

WARDEN T.R. CRAIG,

                Respondent.

**MEMORANDUM OPINION**

      Pending before the Court are Petitioner's Application to Proceed Without Prepayment of Fees [Docket 1] and § 2241 Petition for Writ of Habeas Corpus [Docket 2]. By Standing Order entered August 1, 2006 and filed in this case on June 8, 2007, this matter was referred to Magistrate Judge Mary E. Stanley for the submission of a Proposed Finding of Fact and Recommendation ("PF&R"). The magistrate judge filed her PF&R [Docket 10] on October 18, 2007, recommending that Petitioner's § 2241 motion be denied, and that Petitioner's application to proceed be denied.

      The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge Stanley's PF&R were due by November 2, 2007, pursuant to 28 U.S.C. §

636(b)(1) and Federal Rule of Civil Procedure 72(b). Petitioner timely filed his Objections to the PF&R [Docket 12] on that date.

## I. BACKGROUND

The background of this case is set forth more fully in the PF&R. In January 2004, Petitioner pled guilty in the United States District Court for the Western District of Virginia, Abington Division, to one count of knowingly using, carrying, or possessing a firearm during and in relation to, and in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Petitioner's judgment became final on May 24, 2004, when the time expired for him to file an appeal. Petitioner also failed to file a § 2255 motion by May 24, 2005, the deadline for challenging the validity of his conviction.

## II. OBJECTIONS TO THE PF&R

### A. *First Objection*

Petitioner first objects to the magistrate judge's characterization that the firearm involved in his underlying offense was a machine gun. (Docket 12 at 2.) This objection is frivolous. The type of firearm involved is of no consequence and does not change the fact of his conviction. Because this fact is immaterial to the case, Petitioner's first objection is thereby **OVERRULED**.

### B. *Second Objection*

Petitioner's second objection asserts that a § 2241 motion is an appropriate avenue, and his only avenue, by which to challenge the sentencing court's subject matter jurisdiction. This assertion is off base. It is a fundamental principle that a court's subject matter jurisdiction may be raised at

any time *before* a judgment becomes final. *Des Moines Navigation & R.R. v. Iowa Homestead Co.*, 123 U.S. 552, 559 (1887). Moreover, challenges to a court's jurisdiction must be addressed to that court, not to a different court on collateral review. *Id.* Because Petitioner's judgment became final on May 24, 2004, he is unable to attack the sentencing court's subject matter jurisdiction on collateral review via a § 2241 motion, or any other motion. Petitioner's second objection is thereby **OVERRULED**.

        *C.     Third Objection*

In his third objection, Petitioner contends that, because the filing of a § 2255 motion would be inadequate or ineffective, he is entitled to have his § 2241 motion heard in this Court. In support of this contention, Petitioner cites a number of Fourth Circuit opinions holding that the filing of a second or successive § 2255 motion permissible under certain circumstances. Petitioner, however, failed to file a first § 2255 motion. Thus, his argument regarding a second or successive § 2255 motion is irrelevant.

The magistrate judge's analysis on this issue is correct: Petitioner's motion challenges the validity of his conviction. (Docket 10 at 3.) Such challenges may be brought exclusively under 28 U.S.C. § 2255, unless Petitioner can show that such a motion would be inadequate or ineffective. Petitioner admits that "relief under § 2255 is time-barred." (Docket 12 at 5.) That fact, as the magistrate judge concluded, does not render a § 2255 motion inadequate or ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D. W. Va. 2001) (Haden, C.J.). Thus, Petitioner cannot show that such a motion would be inadequate or ineffective, and third objection is accordingly **OVERRULED**.

*III. CONCLUSION*

Based on the foregoing, the Court **ADOPTS** the PF&R [Docket 10], **OVERRULES** Defendants' Objections [Docket 12], **DENIES** Petitioners' § 2241 Petition for Writ of Habeas Corpus [Docket 2], and **DENIES AS MOOT** Petitioner's Application to Proceed Without Prepayment of Fees [Docket 1]. A Judgment Order will be entered this day implementing the rulings contained herein.

                ENTER:      December 20, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE